UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES JACKSON | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| | * | |
| KATHRYN RAE TOWING, INC | * | |
| Defendant | * | MAGISTRATE |
| | * | |

************************************

**COMPLAINT**

**TO:  THE HONORABLE JUDGE OF THE EASTERN DISTRICT**
 **OF THE STATE OF LOUISIANA:**

The complaint of Charles Jackson, a person of the full age of majority and a citizen of and domiciled in the State of Louisiana, with respect avers:

1.

Made defendant herein is **Kathryn Rae Towing, Inc.** (hereinafter **"KATHRYN"**), a domestic company authorized to do and doing business in the Eastern District of the State of Louisiana.

2.

That jurisdiction for this claim is based upon the existence of a federal question 28 USC § 1331 and  the general maritime law and venue is proper pursuant to 28 USC §1391 as the defendant is subject to personal jurisdiction in the Eastern District.

3.

That at all times material hereto, plaintiff was working as a Jones Act seaman and was employed by the defendant, Kathryn, and was assigned to work as a deck hand aboard the offshore tug M/V Sandy B( hereinafter "vessel").

4.

That on or about the 16th day of January, 2012, your plaintiff was aboard the vessel when it he was ordered to lift heavy wire from the river causing plaintiff to sustain severe, debilitating, disfiguring and permanent injuries to his back.

5.

That the above described incident was caused solely by the negligence of KATHRYN through its agents, servants and employees and the unseaworthiness of the M/V Sandy B which are more particularly described as follows:

**NEGLIGENCE OF KATHRYN RAE TOWING, INC.**

a.    Failing to provide competent supervision;

b.    Failing to have a competent crew;

c.    Failing to have proper equipment to perform the task

**UNSEAWORTHINESS OF THE VESSEL, M/V SANDY B**

a.    Having incompetent supervision;

b.    Having an insufficient captain to operate the vessel;

c.    Other unseaworthy conditions which will be shown more fully at the trial of this matter.

6.

That without regard to the issues of negligence or unseaworthiness, the defendant, **KATHRYN** became obligated to pay your plaintiff maintenance, cure and unearned wages until such time as he has reached maximum medical improvement.

7.

That as a result of the negligence of the defendant,**KATHRYN,** and the unseaworthiness of the vessel, your plaintiff sustained the following damages:

Physical pain and suffering, past, present and future;

Mental pain and suffering, past, present and future;

Loss of earnings, past, present and future;

Loss of earnings capacity ;

Medical expenses, past, present and future;

Disfigurement;

Loss of enjoyment of life;

Punitive Damages for failing to pay maintenance and cure;

Permanent disability.

8.

Plaintiff hereby designates this as a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiff, Charles Jackson, prays that the defendant **KATHRYN** be duly cited and served with a copy of this Complaint and that after due proceedings are had that there be judgment rendered in favor of your plaintiff Charles Jackson and against the defendant **KATHRYN** in an amount sufficient to adequately compensate him for his damages, together with legal interest from date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

BRUNO & BRUNO

__/s/ Stephen P. Bruno_____
STEPHEN P. BRUNO, #1272
855 BARONNE STREET
NEW ORLEANS, LOUISIANA 70113
(504) 525-1335

WILL SERVE BY WAIVER

KATHRYN RAE TOWING
through its agent for service of process
Ted A. Kayser
52 Belle Grove

Destrehan, LA 70047